HENRY W. BOETTGER SILK FINISHING CO. v. ELECTRICAL AUDIT & REBATE CO.

(Supreme Court, Appellate Term. April 8, 1909.)

FRAUD (§ 12*)—ACTIONABLE REPRESENTATIONS.

   It was alleged in a complaint for fraud that defendant represented it "could and would" procure charges which plaintiff paid for electric current to be cut in half, and that it "could and would" recover for plaintiff rebates of at least a certain amount. *Held*, that these representations were not statements of existing facts, and were not of themselves actionable, and did not furnish basis for the action, though the fact that defendant broke its promise may justify an action for breach of contract.

   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Henry W. Boettger Silk Finishing Company against the Electrical Audit & Rebate Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Irving G. Fox, for appellant.

Lowen E. Ginn, for respondent.

SEABURY, J. The plaintiff has recovered a judgment against the defendant, although neither the complaint nor the evidence stated a cause of action against the defendant. The complaint attempts to state a cause of action for damages for fraud.

It is alleged that the defendant represented that it "could and would" procure the charges which the plaintiff paid for electric current to be cut in half, and that it "could and would" recover for plaintiff rebates of at least one-half of all bills that plaintiff had paid for electricity during the year last past. These representations were not statements of existing facts, and were not of themselves actionable. The

fact that the defendant may have broken its promise may have justified an action for breach of contract, but did not furnish the basis of an action predicated upon fraud.

The court below in its charge submitted both the issues of breach of contract and of fraud to the jury, and charged that, if there had been a breach of contract, the plaintiff could recover. Subsequently the court modified this part of its charge, and instructed the jury that the plaintiff could only recover upon the theory of fraud. In the contract under which the plaintiff paid the $100, which it seeks to recover in this action, the defendant agreed to—

"obtain the cheapest contract for an electric current, also test our meters, and examine motors, whenever necessary, and audit our bills for one year from date, * * * and guarantee to obtain rebates on all overcharged bills to date."

The judgment recovered is without any legal foundation, and must be reversed.

Judgment reversed, with costs, and complaint dismissed, without prejudice to a new action. All concur.